# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA, et al.,

    Plaintiffs,

v.

BRIAN SANDOVAL, et al.,

    Defendants.

Case No. 2:17-cv-02315-JCM-CWH

**ORDER**

Presently before the Court is non-party Culinary Health Fund's motion to intervene (ECF No. 48), filed on October 6, 2017. Plaintiffs filed a response (ECF No. 56) on October 10, 2017, and Culinary Health Fund ("CHF") filed a reply (ECF No. 58) on October 11, 2017.

## I. Introduction

This case was brought by the Pharmaceutical Research and Manufacturers of America, and the Biotechnology Innovation Organization, two trade groups representing pharmaceutical and biotechnology companies. (Compl. (ECF No. 1).) Plaintiffs' complaint named Brian Sandoval, the Governor of the State of Nevada, and Richard Whitley, the Director of the Nevada Department of Health and Human Services, as defendants. (*Id.*) The Court subsequently granted the Nevada Legislature's unopposed motion to intervene as a defendant. (Order (ECF No. 43).) CHF, a multi-employer healthcare-plan provider for hotel and hospitality workers in Las Vegas, now moves to intervene in this case as a defendant as well.

Plaintiffs claim that a recently passed law, Nevada Senate Bill No. 539 ("SB 539"), conflicts with federal trade-secret law, violates the Commerce Clause, would constitute a regulatory taking, and interferes with Congress' authority to set national patent policy. SB 539 seeks to control the cost of certain essential diabetes drugs, such as insulin, by requiring companies that manufacture them to provide the State of Nevada with an annual report detailing the costs of production and marketing of

these drugs. The State of Nevada is required to analyze and then publish a report on the data provided, explaining the reasons for, and effects of, any increases in spending on prescription drugs in Nevada.

CHF moves to intervene in this case as a matter of right under Federal Rule of Civil Procedure 24(a), or alternatively, with the Court's permission under 24(b). CHF argues that the fund has a protectable interest in this lawsuit that would be impaired if Plaintiffs claims were to succeed, and that its interests are not adequately represented by the current Defendants. Plaintiffs oppose intervention as a matter of right, arguing that CHF's interest are adequately protected by the current Defendants, and are not materially different than the interests of any Nevada citizen. Plaintiffs further oppose permissive intervention, arguing that allowing CHF to join this case would create unnecessary complexity and delay. Plaintiffs suggest granting *amicus curiae* status in lieu of granting intervention, which would be an inadequate remedy, according to CHF.

## II. Analysis

### A. Intervention under Fed. R. Civ. P. 24(a)

A movant is entitled to intervention of right upon a timely application, when it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Courts in this Circuit construe motions to intervene under Rule 24(a) in favor of proposed intervenors, and "are guided primarily by practical considerations." *United States ex. rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (internal citation and quotation marks omitted).

A prospective intervenor bears the burden of showing "that (1) the interest asserted is protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (punctuation and citation omitted). The interest must be "direct, non-contingent, substantial and legally protectable, and one not adequately represented by existing parties." *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981) (citation omitted). "[A]n undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as

of right." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quotation marks and citation omitted).

Proposed intervenors normally face a heavy burden when seeking to intervene on the same side as a state. "In the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant [for intervention] shares the same interest." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (quotation marks and citations omitted). Intervention in such cases depends on establishing that existing parties will not pursue the same objectives as a proposed intervenor. *See id.* "Where the parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention." *Id.*

Here, the parties appear to concede that CHF has a legally protected interest in the outcome of this litigation. The parties do not agree, however, as to whether CHF's interests are distinct from those of the existing parties, or whether those parties adequately represent CHF's interests. CHF argues that it has a narrower interest in defending against Plaintiffs' claims than either the Governor or the Legislature, in that it is primarily motivated in preserving the right of public access to drug manufacturer's pricing information. According to CHF, this narrow interest is related to its role as a healthcare benefit provider, retail pharmacy and medical provider, and is not shared by the other Defendants in this case. CHF further argues that the current Defendants have indicated they are willing to make serious concessions to Plaintiffs regarding SB 539's requirements to publicize drug costs. In support of this argument, CHF points out that the Governor's response to Plaintiffs' motion for preliminary injunction was less than six pages long and did not address every argument made by Plaintiffs. CHF also finds fault with the Legislature's response, in that it did not meaningfully engage with the Plaintiffs' constitutional arguments against SB 539. According to CHF, the existing Defendants would concede important issues regarding publication of drug costs and thereby seriously compromise SB 539.

However, CHF's reliance on the responses by the Legislature and the Governor to Plaintiffs' motion for preliminary injunction is inadequate to make the "very compelling showing" that is required to allow an intervenor to join an action along with a state party. CHF may be correct that not every argument presented by Plaintiffs has been vigorously disputed at this point, but the failure

3

to make a particular argument in a response to a motion for preliminary injunction does not prove that the argument has been conceded for the entire case. Further, it is not clear at this point that CHF and the State of Nevada have differing objectives in this legislation. It appears that the State of Nevada is willing and prepared to defend the law, including the portions CHF focuses on. The Court cannot at this point make a meaningful inference regarding the Governor or the Legislature's strategy, or whether they might concede any issues to Plaintiffs. It would therefore be premature to conclude that the State of Nevada is not adequately representing CHF's, or any other party's, interests. The Court will therefore deny CHF's motion to intervene as a matter of right.

**B. Intervention under Fed. R. Civ. P. 24(b)**

In the alternative to intervention as a matter of right, CHF moves for permissive intervention, which as both parties note, requires proof of three threshold requirements: "(1) a common question of law or fact; (2) timeliness; and (3) the Court's independent jurisdiction." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Whether or not to allow permissive intervention is "committed to the broad discretion of the district court." *Orange Cty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986). A court making this determination may consider "the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). Further factors to consider may include "whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether the parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Id.*

Here, there is no reasonable argument that CHF's motion is untimely or that the Court would not retain independent jurisdiction over this matter were CHF added as a Defendant. However, Plaintiffs argue that permissive intervention would dramatically undermine judicial efficiency, and create increased complexity and risk of delay without any benefit. Given that there are already two Defendants actively litigating this matter, the addition of a third independent Defendant would

4

almost certainly slow the litigation process and create additional burdens on Plaintiffs.  CHF has failed to show that its participation would outweigh this prejudice.  At this point in the litigation, its potential to bring about more development of the underlying issues in this suit is speculative, since CHF has failed to show that the Governor and the Legislature will inadequately defend SB 539, or that they will neglect CHF's concerns or the concerns of any other member of the public.  Nor does it appear that CHF's perspective is materially different from the present Defendants' perspectives.  Even assuming that the prejudice to Plaintiffs from granting CHF's motion would be modest, it is not clear that there would be any benefit to counterbalance that prejudice.  The Court will therefore deny CHF's motion for permissive intervention.

IT IS THEREFORE ORDERED that non-party Culinary Health Fund's motion to intervene (ECF No. 48) is DENIED.

DATED: November 7, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge